An order consistent with this opinion was entered on December 2, 1998.

**THE MERCHANTS BANK**

v.

**Gilbert Ross GOODYEAR and Sandra Sue Goodyear.**

**CIV. No. 1:96CV105.**

United States District Court, D. Vermont.

Jan. 29, 1997.

---

*RULING ON MOTION TO DISMISS APPEAL* (paper 8)

MURTHA, Chief Judge.

### Background

For the purpose of deciding the instant motion, the Court assumes the following as set forth by the debtors. *See generally* Memorandum in Support of Motion to Dismiss Appeal (paper 9). On October 21, 1994, debtors Gilbert Ross and Sandra Sue Goodyear filed a voluntary petition to reorganize their debts under Chapter 12 of the United States Bankruptcy Code. On February 15, 1995, they filed their initial Plan of Reorganization. The Merchants Bank filed an objection to the Plan of Reorganization in which it set forth, *inter alia*, its objection to interest provided under the Plan.

The debtors addressed the Bank's objections in their First Amended Plan of Reorganization. The Bank did not file any additional objections to the First Amended Plan of Reorganization.

On May 10, 1995, the Bankruptcy Court held its initial Plan confirmation hearing. At the Bankruptcy Court's direction, the debtors prepared a Second Amended Plan of Reorganization which incorporated allocations of proceeds of a proposed sale of some of the debtors' land. The Bank did not file any objection to the Second Amended Plan of Reorganization.

At the final confirmation hearing on December 19, 1995, the Bank stated it did not agree with the discount rate set forth in the Plan for installment payments. However, because the parties have not submitted a transcript of the December 19th hearing, it is unclear from the present record as to whether the Bank's disagreement constituted a formal objection to the set interest rate, or whether the Bank actually acquiesced to acceptance of debtors' plan despite stated displeasure over this one point.

Nevertheless, on March 20, 1996, the Bank filed the instant appeal. The sole issue for the Court's review is "Whether the interest rate provided Merchants Bank under the Confirmed Chapter 12 Plan imposed by the Court is appropriate under 11 U.S.C. § 1225(a)(5)." *See* Appellant's Designation of Items (paper 2). The debtors have moved to dismiss the appeal, citing the Bank's failure to preserve the issue for appellate review.

### Discussion

As a general matter, issues not raised in the bankruptcy court cannot be raised for the first time on appeal to this Court. *See, e.g., In re LaRoche,* 969 F.2d 1299, 1305 (1st Cir.1992); *In re Connecticut Aerosols, Inc.,* 42 B.R. 706, 707 n. 1 (D.Conn. 1984). However, "[a]rguments made on appeal need not be identical to those made below if they involve only questions of law and additional findings of fact are not required." *In re McLean Industries, Inc.,* 30 F.3d 385, 387 (2d Cir.1994) (citations and quotations omitted). Absent a more developed record, the Court is unable to determine whether the Bank actually waived its objection to the interest rate, or whether it acquiesced to the Plan's approval subject to a reservation of the right to appeal that particular issue. Accordingly, the Motion to Dismiss the Appeal is DENIED.

SO ORDERED.